NEWMAN & CAREY SUBWAY CONSTRUCTION CO., INC., Respondent, v. THE CITY OF NEW YORK, Appellant, and Another, Defendant.— Motion for leave to appeal to the Court of Appeals denied. Present — Young, Scudder, Tompkins and Davis, JJ.; Lazansky, P. J., not voting.

AGNES OUGHTON, Respondent, v. CLIFFORD LOEW, and J. D. CRONK & SONS, INC., Doing Business under the Firm Name and Style of the YELLOW CAB COMPANY, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Motion for stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

ABRAHAM REVUTSKY, as Administrator, etc., of MIRIAM REVUTSKY, Deceased, Respondent, v. DANIEL B. FULLER and Another, Appellants.— Motion to dismiss appeals denied, with leave to respondent to renew upon the argument of the appeals. Section 282 of the Civil Practice Act was repealed in 1932 (Laws of 1932, chap. 224) and cannot, therefore, be invoked to support the motion. We think that the question as to the effect of such repeal should be considered by this court after full argument. Prior to section 282, the rule seems to have been the same as that provided in the statute. (*Keepers* v. *Hartley Company*, 150 App. Div. 252.) Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

DAVID N. SUGARMAN, Respondent, v. NATIONAL SURETY CORPORATION, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

MARY ANDERSON, Appellant, v. ST. ROSE OF LIMA'S ROMAN CATHOLIC CHURCH IN THE BOROUGH OF BROOKLYN, IN THE CITY OF NEW YORK, Respondent.—Action to recover damages for personal injuries sustained as a result of plaintiff's falling down the steps of a church. Appeal from judgment dismissing complaint on the merits at the close of plaintiff's case. Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. If the judgment be based upon a nonsuit as claimed by appellant, the case is in the situation it was when a former determination dismissing the complaint was reversed by this court (240 App. Div. 992). If the judgment be deemed on the merits, the findings as to plaintiff's contributory negligence and defendant's freedom from negligence are against the weight of evidence. Although defendant in its motion to dismiss made no reference to plaintiff's contributory negligence, yet the court made a finding that plaintiff was guilty of negligence, quite contrary to the evidence. This should not have been done. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Kapper, Scudder and Davis, JJ., concur; Hagarty, J., votes for reversal and a new trial on the sole ground that the judgment is based on a nonsuit and that the situation is, therefore, the same as in *Anderson* v. *St. Rose of Lima's R. C. Church* (240 App. Div. 992), where a former determination dismissing the complaint was reversed by this court. Settle order on notice.